```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOMINICK DIIORIO              :    CIVIL ACTION
                              :
        v.                    :
                              :
NESHAMINY MANOR               :    NO. 06-cv-02400-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                February 12, 2006

       Plaintiff has brought this action to remedy alleged violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). Plaintiff asserts that the defendant-employer interfered with his rights under the statute, and retaliated against him for taking FMLA leave. The case is now before the court on cross-motions for summary judgment.

       Plaintiff was on FMLA leave from January 11, 2005 to April 5, 2005. He contends that, when he returned to work, he was assigned a less favorable position on the overtime list than he should have been. The defendant's method of determining eligibility for overtime work is somewhat complicated. Initially, employees are assigned to the list in reverse order of seniority. Then, as opportunities for overtime work are presented, those employees who have had the fewest overtime hours are given the opportunity to accept the overtime assignment. They are then credited, on the list, with the number of overtime hours they actually work (or, if they turn down the assignment, with the number of overtime hours they could have worked had they

chosen to do so).  Thus, the person with the fewest overtime hours gets the first crack at working overtime.  Every six months, the slate is wiped clean, and the process is repeated.

Of particular pertinence to the present case, the employer has adopted the policy and practice of placing new hires, and persons who have been absent on leave for more than three weeks, in the least favorable position on the overtime list.  Accordingly, when plaintiff returned to work after his FMLA leave, he was placed in the least favorable position on the overtime list.  As a result, he was not offered overtime until eight days after his return.  Since the list had been reconstituted shortly before plaintiff began his FMLA leave, he was in a better position on the overtime list immediately before commencing his FMLA leave than he was when he returned.  The decisive issue is whether this constituted a deprivation of rights protected by the FMLA.  I conclude that no violation has been shown.

The statute provides that, while persons taking FMLA leave are entitled to be restored to the same or equivalent position when they return, they are not entitled to "the accrual of any seniority or employment benefits during any period of leave or ... any right, benefit or position of employment other than any right, benefit or position to which the employee would have been entitled had the employee not taken leave."  29 U.S.C.

§§ 2614(a)(3)(A),(B). Had plaintiff not taken FMLA leave, his position on the overtime list would have depended upon the amount of overtime hours available for assignment from time to time; there can be no assurance that his position on the overtime list when he returned to work in June would have been any more favorable than the position he was actually assigned when he returned. Plaintiff is, in a sense, seeking retroactive accrual of work-related benefits to which he is not entitled, since he was not working during his period of FMLA leave.

In my view, this case is analogous to the situation in Sommer v. The Vanguard Group, 461 F.3d 397 (3d Cir. Aug. 24, 2006), which dealt with the proration of productivity bonuses. The Court distinguished between bonuses unrelated to productivity or hours worked, which cannot be reduced because of absence on FMLA leave, and production-type bonuses, which can be prorated to reflect such absences.

It is noteworthy that plaintiff pursued the same claims advanced here as violations of the Collective Bargaining Agreement, but his grievance was rejected. The mediators concluded that the defendant's overtime practices were consistent with the Collective Bargaining Agreement.

To summarize, the defendant does not treat FMLA absences any differently from other types of absences: persons absent for more than three weeks must wait briefly before being

assigned overtime work, in deference to the other employees who continued to work during that period.  Plaintiff was entitled to be restored to his position which he held when the FMLA leave commenced, and without the loss of "any employment benefit accrued prior to the date on which the leave commenced."  29 U.S.C. § 2614.  He was not entitled to be treated as if he had actually worked during the period of his leave.

      For the foregoing reasons, I conclude that plaintiff did not suffer interference with his rights under the FMLA.  For the same reasons, and because there is not the slightest evidence to support such a claim, his claim of retaliation must also be rejected.

      An Order follows.

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| DOMINICK DIIORIO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NESHAMINY MANOR | : | NO. 06-cv-02400-JF |

ORDER

AND NOW, this 12th day of February 2007, upon consideration of the cross-motions for summary judgment, IT IS ORDERED:

1. Defendant's motion for summary judgment is GRANTED.

2. This action is DISMISSED with prejudice.

3. Plaintiff's cross-motion for partial summary judgment is DENIED.

4. The Clerk is directed to close the file.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.